Sedgwick, Ch. J., (concurring).
I agree with Judge Freedman and wish to make a few further observations.
The rule of construction given in Decker v. Furniss, 14 N. Y. 611, should be followed. It is “ There is no doubt that the phrase which stands at the commencement of the contract ‘ William H. Brown sells,’ etc., imports of itself an executed sale. But the books furnish abundant evidence that phrases of this kind are used in a very loose sense and that their literal signification is often overruled by the tenor and purpose of the whole instrument. So a party to a contract may say he agrees to sell and yet the intention be entirely manifest that the title shall pass immediately. Such phrases are quite inconclusive and are often made to yield to other terms of the contract evincing a different design.”
The covenant, leaving out words not involved in the controversy, reads: “ It is further mutually agreed, that in the event of the termination of this *68 agreement, the said company (by reason of the expenditures that shall have been made during the continuance of this agreement) shall have a license (not exclusive) to use all of the inventions that may-have been used in carrying on the business of the company on the payment of $6,500 per year to be paid quarterly.”
It appears that the sole consideration of the grant • of the privilege to use, is indicated in the words “byreason of the expenditures that shall have been made during the continuance of this agreement,” and the words “ on the payment of $6,500 per year” do not refer to the making of the grant. The latter words are a part of the description of the nature of the grant. That grant is a license to use on the payment of $6,500. The general rule is that, nothing else forbidding, words that are relative must be held to refer to the last antecedent, that is, that the payment refers to “ to use,” and the further rule is that the antecedent being ascertained, it must be read in the relative clause, that is, that the payment is to be for the use.
It is not correct in my judgment to suppose that the relative clause refers to “ shall have a license,” etc. ; inasmuch as there had been, as has already been said, a consideration appropriated by the covenant to the granting of the privilege or license. This view does not combat the position that a promise to pay the $6,500 was implied, but it is used to show that the payment was to be made for the use. And the further question being was there an implied promise to use, I must say, that there is nothing in the covenant or the rest of the agreement that indicates that the defendant was bound to use the inventions.